# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | |
|---|---|
| SABRINA RODRIGUEZ, <br> *Plaintiff* <br><br> v. <br><br> TRANS UNION LLC AND <br> SANTANDER COSUMER USA, INC., <br> *Defendants* | § <br> § <br> § <br> §     Case No. 1:19-CV-379-LY <br> § <br> § <br> § <br> § |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
    **UNITED STATES DISTRICT JUDGE**

Before this Court are Defendant Trans Union LLC's Motion to Dismiss and Memorandum in Support, filed June 24, 2019 (Dkt. No. 9); Plaintiff's Response to Defendant Trans Union, LLC's Motion to Dismiss Plaintiff's Complaint, filed July 9, 2019 (Dkt. No. 11); Trans Union LLC's Reply in Support of its Motion to Dismiss, filed July 15, 2019 (Dkt. No. 13); and Notice of Supplemental Authority in Support of Defendant's Trans Union's Motion to Dismiss, filed October 2, 2019 (Dkt. No. 16).

On July 10, 2019, the District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I.    BACKGROUND

Plaintiff Sabrina Rodriguez alleges that she discovered an error on her credit report issued by Defendant Trans Union, LLC ("Trans Union") on October 23, 2018. Specifically, Plaintiff alleges that the credit report erroneously stated that she owed a monthly payment of $345 on an account

(the "Santander Account") she previously held with Santander Consumer USA, Inc. ("Santander"). Plaintiff alleges that the Santander Account is closed and that she no longer has any obligation to make monthly payments on it. On November 12, 2018, Plaintiff sent a letter to Trans Union requesting that it report the monthly payment on the Account as $0. Plaintiff alleges that Trans Union referred the matter to Santander. Plaintiff contends that Trans Union and Santander ("Defendants") have refused to correct the amount owed on the Santander Account as requested.

On April 4, 2019, Plaintiff filed this lawsuit alleging that Trans Union's inaccurate credit report and Defendants' failure to correct the error on the Santander Account violate the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). Specifically, Plaintiff alleges that Santander negligently and willfully failed to conduct a proper investigation and reinvestigation of her dispute and failed to direct Trans Union to correct the amount owed, in violation of § 1681s-2(b) of the FCRA. Plaintiff alleges that Trans Union negligently and willfully failed to maintain and follow reasonable procedures to assure the maximum possible accuracy of the information pertaining to Plaintiff it reported to one or more third parties and failed to conduct a reasonable reinvestigation, in violation of § 1681e(b) and § 1681i of the FCRA. Plaintiff alleges that she "has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment." Dkt. No. 1 at ¶¶ 31, 38.

On June 24, 2019, Trans Union filed the instant Motion to Dismiss, arguing that "Trans Union's reporting of the payment terms on the Santander Account was accurate, and because Plaintiff cannot show an inaccuracy, she does not have a viable claim under either 15 U.S.C. §§ 1681e or 1681i of the [FCRA]." Dkt. No. 9 at p. 1.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light

most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Because Plaintiff's Complaint expressly references and relies on her dispute correspondence with Trans Union[1] and her Trans Union reinvestigation results[2] to support her claims, the Court may consider this evidence without converting this Motion to Dismiss to a Motion for Summary Judgment. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (holding that district court properly considered documents attached to motion to dismiss since they were central to plaintiff's claims and referred to in her complaint); *Her v. Equifax Info. Servs., LLC*, 2019 WL 4295280, at *2 (N.D. Ga. July 12, 2019) (finding that court

---

[1] Exh. A-1 to Dkt. No. 9.
[2] Exh. A-2 to Dkt. No. 9.

could consider dispute letter attached to Trans Union's motion to dismiss without converting motion to dismiss to motion for summary judgment), *report and recommendation adopted*, 2019 WL 4295279 (N.D. Ga. Aug. 9, 2019).

## III. ANALYSIS

Plaintiff's Complaint alleges that Trans Union violated §§ 1681e(b) and 1681i of the FCRA by inaccurately reporting on her credit report that she owed a monthly payment of $345 on the Santander Account and by failing to conduct a reasonable reinvestigation of the alleged inaccuracy. The Court will address each claim to determine whether Plaintiff has alleged a plausible claim for relief.

### A. Plaintiff's claim under § 1681e(b)

Under the FCRA, "[w]henever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Plaintiff alleges that Trans Union violated § 1681e(b) by inaccurately reporting on her credit report that she owed a monthly payment of $345 on the Santander Account.

In order to allege a prima facie claim under § 1681e(b), a plaintiff must allege that: (1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to the defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010); *Iraheta v. Equifax Info. Servs., LLC*, 2018 WL 3770295, at *3 (W.D. La. Jan. 10, 2018).

Trans Union argues that Plaintiff has failed to allege a viable claim under § 1681e(b) because she has failed to establish that the credit report was inaccurate. The Court agrees.

As stated above, "[i]n order to establish a prima facie case under § 1681e(b), a consumer must produce some evidence of an inaccuracy in her credit report." *Toliver v. Experian Info. Sols., Inc.*, 973 F. Supp. 2d 707, 715 (S.D. Tex. 2013); *see also, e.g., Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991) (stating that "the Act implicitly requires that a consumer must present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information"); *Kuehling v. Trans Union, LLC*, 137 F. App'x 904, 908 (7th Cir. 2005) ("Without evidence of some inaccuracy in the Trans Union report or reinvestigation, Kuehling cannot establish that Trans Union violated . . . § 1681e(b) or § 1681i(a)(1)(A)."); *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000) (listing cases holding that inaccuracy is an essential element of a prima facie case under § 1681e(b)); *Walters v. Sentry Link, LLC*, 2018 WL 3603097, at *1 (W.D. Tex. June 18, 2018) (providing that to state a claim under § 1681e(b), "a plaintiff must be able to show that a report contained inaccuracies").

"A credit entry may be 'inaccurate' within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 896 (5th Cir. 1998). If the Plaintiff "fails to satisfy this initial burden, the consumer, as a matter of law, has not established a violation of [1681e(b)], and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency." *Cahlin*, 936 F.2d at 1156.

Plaintiff argues that her credit report is inaccurate because it states that the "Terms" of her contract with Santander required "$345 per month, paid Monthly for 87 months." Exh. A-2 to Dkt. No. 9. Plaintiff argues that this is inaccurate because it should state under the Terms section that "the monthly payment amount is $0." Dkt. No. 1 at ¶10. However, Plaintiff's credit report plainly

states that the Santander Account was "closed" on January 31, 2013, and that the Account was "Charged Off," "Paid in Full," and had a "$0" balance. Exh. A-2 to Dkt. No. 9. The Court finds that Trans Union's credit report is unequivocally clear that the Santander Account is closed and Plaintiff no longer owes any money on it, and the credit report is not misleading. The fact that the credit report shows that the historical payment terms of her contract required monthly payments of $345 is not inaccurate or misleading in any way.

Other District Courts presented with identical facts have come to the same conclusion. In *Meeks v. Equifax Info. Servs., LLC*, 2019 WL 1856411, at *1 (N.D. Ga. Mar. 4, 2019), *report and recommendation adopted*, 2019 WL 1856412 (N.D. Ga. Apr. 23, 2019), the plaintiff made the same arguments as Plaintiff, namely "that the Errant Trade Line should be reported by Santander with a scheduled monthly amount of $ 0." The district court found that the plaintiff had failed to demonstrate that the credit report was inaccurate, reasoning as follows:

> The Court agrees with Trans Union that, when the Santander account is viewed as a whole, it is undeniable that there exists no ongoing obligation for payment. The Santander account is clearly reported as closed, charged-off, purchased by another lender, and with a $ 0 balance. The mere presence of historical monthly payment terms neither causes confusion nor creates an inaccuracy.
>
> ∗∗∗
>
> [I]t is not plausible that the existence on the credit disclosure of plaintiff's former monthly payment obligation could materially mislead a prospective lender about the nature of his current obligations.

*Id.* at 6-7; *see also, e.g.*, *Gibson v. Equifax Info. Servs., LLC*, 2019 WL 4731957, at *4 (M.D. Ga. July 2, 2019) (granting motion to dismiss plaintiff's claim under §1681e(b) where plaintiff's account did not have a balance listed on the credit report and the account was marked closed); *Her, LLC*, 2019 WL 4295280, at *5 (holding that plaintiff failed to allege a prima facie claim under

§1681e(b) as a matter of law where the account was reported accurately, since it clearly indicated the account was closed, paid in full, was a charge-off, and had a $0 balance).

Plaintiff relies on *Jackson v. Equifax Info. Servs., LLC*, 2019 WL 179570 (M.D. Ga. Jan. 11, 2019), in support of her claim that the credit report is inaccurate. In Jackson, the court found that the plaintiff alleged a plausible claim for relief under § 1681e(b) where the credit report still showed a balance on the account despite being charged off. *Id.* at *4. However, a few months after *Jackson* was issued, the Middle District of Georgia distinguished its ruling from cases presenting facts identical to those here:

> This Court previously denied a motion to dismiss on a markedly similar case, but it can be distinguished. In *Jackson*, the plaintiff alleged an erroneous monthly payment amount on the tradeline of a charged off account. The plaintiff's complaint survived a motion to dismiss, but for a reason that is not present here. In *Jackson*, "the Trans Union credit disclosure listed a remaining balance of $7,411 despite the fact that the debt was charged off." This Court found that "it is plausible that the monthly payment trade line could materially mislead a prospective lender about the nature of Plaintiff's obligation to make payments on this account particularly when the account continues to list a balance despite being charged off."
>
> Here, Plaintiff's account does not have a balance listed on Trans Union's reporting. The accounts are all clearly labeled "CLOSED" and have a listed balance of $0. Thus, it is not plausible that Defendant Trade Union's tradelines would materially mislead a prospective lender about Plaintiff's current obligations.

*Gibson*, 2019 WL 4731957, at *4. Like in *Gibson* and *Meeks*, the credit report here clearly states that the Santander Account was closed and had a $0 balance. Accordingly, Plaintiff's reliance on *Jackson* is misplaced.

Based on the foregoing, Plaintiff has failed to allege a plausible claim for relief under § 1681e(b) because she has failed to show that the credit report was inaccurate. Plaintiff's subjective belief that her credit report was inaccurate is insufficient to state a claim under

7

§ 1681e(b). *Meeks*, 2019 WL 1856411 at *7. Accordingly, Plaintiff's claim under § 1681e(b) should be dismissed.

**B. Plaintiff's claim under § 1681i**

Plaintiff also alleges that Trans Union failed to conduct a reasonable reinvestigation of the alleged inaccuracy on the Santander Account in violation of § 1681i. Section 1681i(a)(1)(A) provides that if a consumer notifies a consumer reporting agency of a dispute in the consumer's credit report, "the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." However, to assert a claim against under § 1681i against a consumer reporting agency for failure to conduct a reasonable investigation, "a plaintiff must show that an 'actual inaccuracy' exists in the reported information." *Messano v. Experian Info. Solutions, Inc.*, 251 F. Supp. 3d 1309, 1313 (N.D. Cal. 2017); *see also, e.g., DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) (holding that a claim under § 1681i fails as a matter of law if the plaintiff cannot show that the credit report was inaccurate); *Kuehling*, 137 F. App'x at 908 (noting that plaintiff cannot establish a violation of § 1681i without some inaccuracy in the Trans Union report or reinvestigation); *Walters v. Certegy Check Servs., Inc.*, 2018 WL 1278212, at *4 (W.D. Tex. Mar. 12, 2018) ("a plaintiff must first contend a consumer report contained inaccurate information to establish a claim under § 1681i for failure to conduct a reasonable investigation"). Accordingly, Plaintiff's claim under § 1681i also fails because Plaintiff has not shown that any of the information on her credit report was inaccurate, as explained in detail above.

**C. Conclusion**

The FCRA "is intended to protect consumers against the compilation and dissemination of *inaccurate* credit information." *DeAndrade*, 523 F.3d at 67. A plaintiff cannot prevail on a claim

for damages under the FCRA without a showing that the disputed information disclosed by the credit agency was, in fact, inaccurate. Plaintiff has failed to allege a plausible claim for relief under either § 1681e(b) or 1681i against Trans Union because she has failed to allege facts showing that any of the information on her credit report was inaccurate or misleading. Accordingly, Plaintiff has failed to allege a plausible claim for relief under the FCRA, and Trans Union's Motion to Dismiss should be granted.[3]

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Trans Union LLC's Motion to Dismiss (Dkt. No. 9) and **DISMISS** Plaintiff's claims against Trans Union LLC.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

---

[3] Because Defendant Santander Consumer USA, Inc. has not filed a motion to dismiss, Plaintiff's claims against Santander remain pending.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 28, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE